# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CYRIL DAVID DANIEL ORAM, JR., <br> Appellant, | DOCKET NUMBER <br> DC-3330-18-0041-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND <br> SECURITY, <br> Agency. | DATE: September 2, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cyril David Daniel Oram, Jr.</u>, Bellingham, Washington, pro se.

<u>Jana Pariser</u> and <u>Jane Brittan</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      On review, the appellant argues that the administrative judge misinterpreted the plain language of 5 U.S.C. § 3304(f)(1) and (2) to erroneously conclude that the agency was not obligated to provide the appellant, a preference-eligible veteran, with an opportunity to compete for a temporary or term vacancy appointment.  Petition for Review (PFR) File, Tab 1 at 4-5.  Specifically, the appellant argues that the language in section 3304(f)(2) stating that a preference-eligible veteran selected for a position shall receive a career or career-conditional appointment "as appropriate" was conditional language that did not bar agencies from using their discretion to award other than permanent positions in appropriate circumstances, such as for the temporary position at issue in this case.  *Id.* at 5; PFR File, Tab 2 at 4.  The appellant also argues that the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decision the administrative judge relied on in reaching his conclusion that the agency was not required to provide the appellant with an opportunity to compete for the position, *Kerner v. Department of the Interior*, 778 F.3d 1336 (Fed. Cir. 2015), was

wrongly decided and that the administrative judge erred by relying on it. PFR File, Tab 1 at 6-7. Finally, the appellant asserts for the first time that he had "technical difficulties" that prevented him from participating in the video hearing, that he informed the administrative judge of the difficulties, and that he was prejudiced by the administrative judge's decision to hold the hearing in his absence. PFR File, Tab 1 at 5-6.

¶3   As the administrative judge noted, in *Kerner*, the Federal Circuit determined that the opportunity-to-compete provision under 5 U.S.C. § 3304(f) is not applicable when a preference-eligible veteran is already employed in the Federal civil service. *Kerner*, 778 F.3d at 1339. Precedential decisions of the Federal Circuit, such as *Kerner*, are controlling authority for the Board, which we are bound to follow unless they are overruled by the court sitting en banc. *See Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014), *aff'd*, 620 F. App'x 892 (Fed. Cir. 2015). Accordingly, the administrative judge did not err in denying corrective action on the basis that the appellant already was a Federal employee.[2]   Initial Appeal File (IAF), Tab 37, Initial Decision (ID) at 6-8; *see Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 17.

¶4   There also is no merit to appellant's argument that the administrative judge's rulings denying his discovery-related requests "appeared to subject [the appellant] to procedures not consistent with requirements," and constituted an abuse of discretion.[3]   PFR File, Tab 1 at 5-6. The appellant appears to be

---

[2] Regarding the administrative judge's alternate holding that pursuant to 5 U.S.C. § 3304(f)(1) and (2), preference-eligible applicants applying for temporary or term vacancies announced under merit promotion procedures and for which the agency solicits applicants from outside of its workforce are not entitled to a right to compete due to the nature of the type of appointment, because we ultimately agree with the administrative judge's finding that *Kerner* already reaches this conclusion with regard to all preference-eligible Federal employee applicants, we do not make any findings on this alternate holding. ID at 8-12; *see Oram*, 2022 MSPB 30, ¶ 17.

[3] The administrative judge also separately docketed a Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal regarding the same vacancy announcements. *See Oram v. Department of Homeland Security*, MSPB Docket

referring to orders the administrative judge issued denying the appellant's motion to quash the agency's notice of deposition, IAF, Tab 26, and denying the appellant's request for recusal, IAF, Tab 29.

¶5    Regarding the denial of the appellant's motion to quash, as the administrative judge correctly noted in his order, because no deadline had been set for the cessation of discovery at the time the agency notified the appellant of its intention to depose him, the agency's request was not untimely, and the appellant was obligated to cooperate with the agency. IAF, Tab 26 at 1; *see* 5 C.F.R. § 1201.73(d)(4). We find no error in the administrative judge's determination. Regarding the appellant's challenge to the administrative judge's order denying the appellant's request for recusal, the appellant's argument provides no basis to disturb the initial decision. IAF, Tab 29. The appellant's mere disagreement with the administrative judge's rulings does not provide a basis for recusal. *See Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 14 (2007) (holding that the mere fact the administrative judge made rulings with which the appellant disagrees does not support a recusal).

¶6    Finally, regarding the appellant's claim that the administrative judge erred by holding the hearing despite his absence, VEOA complainants do not have an unconditional right to a hearing before the Board. *Coats v. U.S. Postal Service*, 111 M.S.P.R. 268, ¶ 13 (2009); *Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶ 12 (2008); 5 C.F.R. § 1208.23(b). Instead, the Board has the authority to decide a VEOA appeal on the merits, without a hearing, when there is no genuine dispute of material fact and one party must prevail as a matter of law.[4]

No. DC-4324-18-0042-I-1. The administrative judge has issued a separate initial decision on the USERRA claim. *Oram v. Department of Homeland Security*, MSPB Docket No. DC-4324-18-0042-I-1, Initial Decision (Feb. 26, 2018). A petition for review has been filed in that case and is being separately adjudicated.

[4] A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009). A factual dispute is "genuine" when there is sufficient evidence favoring the

*Haasz v. Department of Veterans Affairs*, [108 M.S.P.R. 349](#), ¶ 9 (2008).  Because it is undisputed that the appellant was a current Federal employee at the time he applied to the vacancies at issue in this case, there remained no genuine dispute of material fact, and the agency was entitled to prevail as a matter of law.  *Id.*; *see Kerner*, 778 F.3d at 1339; *Oram*, [2022 MSPB 30](#), ¶ 17.  Accordingly, even if the administrative judge erred by holding the hearing in the appellant's absence, that error was harmless.

¶7      Consequently, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  [5 C.F.R. § 1201.113](#)(b).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  [5 U.S.C. § 7703](#)(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  [5 U.S.C. § 7703](#)(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

party seeking an evidentiary hearing for the administrative judge to rule in favor of that party if he credits that party's evidence.  *Id.*

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit

---

[6]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for

                                         Jennifer Everling
                                         Acting Clerk of the Board
Washington, D.C.