**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KENNETH HARPER,
                    Appellant,

                    v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
DE-3330-17-0365-I-1

DATE: November 10, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kenneth Harper</u>, Pueblo, Colorado, pro se.

<u>Trina C. Hopkins</u>, Esquire, and <u>Melody VanDyne</u>, Fort Carson, Colorado,
    for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his nonselection appeal under the Veterans Employment Opportunities Act of 1998 (VEOA) for lack of jurisdiction.  On petition for review, the appellant argues that he filed a VEOA complaint with the Department of Labor

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

(DOL) and its lack of response constitutes exhaustion of his administrative remedy. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      On review, the appellant argues that he filed a complaint with DOL and did not receive a response, and thus he exhausted his remedy with DOL. Petition for Review (PFR) File, Tab 1 at 5.[2] However, while 60 days have now elapsed since

---

[2] The cases that contemplate such a scenario are distinguishable from the instant facts because here there is no allegation that DOL affirmatively took action to advise the appellant that DOL did not have jurisdiction over his complaint, directed him to file his appeal directly with the Board, or refused to address his complaint due to a separate pending Board appeal. *See Morris v. Department of the Army*, 113 M.S.P.R. 304, ¶ 10 (2010) (finding the appellant exhausted the DOL complaint process when DOL refused to address his VEOA complaint and advised him that the complaint did not fall within its jurisdiction); *Thompson v. Department of the Army*, 112 M.S.P.R. 153, ¶ 14 (2009) (noting that if the appellant had attempted to file a VEOA complaint with DOL and had been told DOL did not handle such complaints and directed the appellant to file his VEOA complaint directly to the Board, the Board may find the appellant had satisfied the DOL exhaustion requirement); *Alegre v. Department of the Navy*, 118 M.S.P.R. 424, ¶ 14 (2012) (finding the appellant satisfied the DOL exhaustion requirement when she presented evidence that DOL refused to address her VEOA complaint due to a separate pending Board appeal). Here, the appellant instead asserts that DOL never responded to his VEOA complaint. PFR File, Tab 1 at 5.

the appellant's July 12, 2017 submission to DOL, the appellant has not alleged that he provided written notification to the Secretary of Labor of his intent to file a Board appeal nor does he submit evidence of such notification.

¶3 Thus, the appellant's assertion that DOL failed to respond to his complaint is insufficient to establish that he has provided written notification to the Secretary of his intent to bring a Board appeal as required. *See* 5 U.S.C. § 3330a(d)(2)-(3); *Styslinger v. Department of the Army*, 105 M.S.P.R. 223, ¶ 15 (2007) (noting that a complainant's notification to DOL of his intent to file a Board appeal serves as a means of notifying the Secretary that DOL should cease any further effort to investigate or resolve his complaint), *overruled on other grounds by Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 18. Because the appellant has not shown that he exhausted his administrative remedies with DOL under 5 U.S.C. § 3330a(d)(2), he has not established Board jurisdiction over his VEOA appeal. *Cf. Becker v. Department of Veterans Affairs*, 112 M.S.P.R. 507, ¶ 10 (2009) (finding that a letter from DOL submitted by the appellant with his petition for review showed he exhausted his remedies with DOL, and thus the Board had jurisdiction over his VEOA appeal).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , <u>137 S. Ct. 1975</u> (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. <u>5 U.S.C. § 7702</u>(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7702</u>(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:              /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.