**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 30**

Docket No. DC-3330-17-0755-I-1

**Cyril David Daniel Oram, Jr.,**

**Appellant,**

**v.**

**Department of the Navy,**

**Agency.**

August 31, 2022

James D. Glenn, Norfolk, Virginia, for the appellant.

Paul A. Walker, Fort Meade, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**OPINION AND ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which denied his request for corrective action pursuant to the Veterans Employment Opportunities Act of 1998 (VEOA) and dismissed for lack of jurisdiction his Uniformed Services Employment and Reemployment Rights Act (USERRA) appeal.[1]  For the reasons set forth in this Opinion and Order, we DENY the appellant's petition for review and AFFIRM the initial decision.

---

[1] The appellant has indicated on review that while he originally claimed that the agency had committed a USERRA violation, he now concedes "that USERRA was not the

BACKGROUND

¶2  The appellant, a preference-eligible disabled veteran, was appointed by the agency to a GS-12 Information Technology (IT) Specialist position in the competitive service effective May 1, 2017.  Initial Appeal File (IAF), Tab 6 at 6-7, Tab 17 at 9.  On June 1, 2017, the agency posted a vacancy announcement for a GS-12 IT Specialist position.  IAF, Tab 5 at 7-13.  The vacancy announcement was a merit promotion announcement open to current or former competitive service employees, and the agency accepted applications from individuals outside of its own workforce, including Federal employees and veterans.  *Id.* at 7-8.  The appellant applied for the position, but received a notification stating that he was ineligible for consideration because he failed to meet the area of consideration requirement specified in the vacancy announcement.  IAF, Tab 18 at 8.  After the appellant contacted the agency's human resources office requesting additional information concerning his disqualification, *id.* at 9, the agency informed him that he was not considered because he had been employed in his current position for less than 90 days, and that an agency must wait at least 90 days after an employee's latest non-temporary competitive appointment before it can promote, transfer, reinstate, reassign, or detail that employee to a different position or to a different geographical region.  *Id.*; *see* 5 C.F.R. § 330.502.  Because the appellant had not served at least 90 days in his current appointment at the time he applied for the position advertised in the vacancy announcement, he was found ineligible for the position.  IAF, Tab 18 at 9.

¶3  The appellant timely filed a VEOA complaint with the Department of Labor (DOL).  IAF, Tab 6 at 8.  After exhausting his administrative remedies with DOL, *id.* at 4-5, the appellant filed the instant appeal arguing, inter alia, that the

preferred avenue for redress."  Petition for Review (PFR) File, Tab 5 at 21.  Accordingly, we have not addressed the appellant's USERRA claim here.

agency's failure to consider his application for the position advertised in the vacancy announcement violated his right to compete as a preference-eligible applicant under 5 U.S.C. § 3304(f), IAF, Tab 1. After holding two status conferences, the administrative judge issued a close of record order concluding that the appellant nonfrivolously alleged facts establishing Board jurisdiction over his VEOA appeal, and that it appeared that the appellant was denied the opportunity to compete for the position under 5 U.S.C. § 3304(f)(1) and therefore would be entitled to corrective action. IAF, Tab 24 at 2-7.

¶4        However, after the agency renewed its motion for judgment as a matter of law, citing the decision from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Kerner v. Department of the Interior*, 778 F.3d 1336 (Fed. Cir. 2015), the administrative judge vacated his initial close of record order and issued a new close of record order directing the appellant to respond to the agency's argument. IAF, Tabs 29-30. The appellant responded to the administrative judge's order. IAF, Tab 31. The administrative judge subsequently issued an initial decision based on the written record, concluding that, because it was undisputed that the appellant was a Federal employee at the time the agency declined to consider his application for the IT Specialist position that was announced under merit promotion procedures and for which the agency accepted applications from individuals outside its own workforce, pursuant to the Federal Circuit's decision in *Kerner*, he could not prevail as a matter of law on his claim that he was denied the opportunity to compete for the position. IAF, Tab 38, Initial Decision (ID) at 7-13.

¶5        On January 2, 2018, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 2. The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply.[2] PFR File, Tabs 4-5.

---

[2] The only argument the agency raises in its response to the petition for review is that the appellant's petition for review is untimely filed by 1 day without good cause shown

ANALYSIS

<u>In light of the Federal Circuit's decision in *Kerner v. Department of the Interior*, the administrative judge correctly concluded that, because the appellant was a current Federal employee, he was not entitled to corrective action for his claim that he was denied an opportunity to compete under 5 U.S.C. § 3304(f)(1).</u>

¶6      Under VEOA, preference eligibles and certain veterans who unsuccessfully apply for a position being filled by a Federal agency for which the agency accepted applications from individuals outside of its own workforce under merit promotion procedures and who allege that they have been denied the opportunity to compete afforded to them under 5 U.S.C. § 3304(f)(1) may seek administrative redress with the Board for a violation of their rights.[3]   5 U.S.C. § 3330a(d); *Montgomery v. Department of Health & Human Services*, 123 M.S.P.R. 216, ¶ 4 (2016).   To establish Board jurisdiction over a claim that he was denied the opportunity to compete for a vacant position, an appellant must demonstrate that he exhausted his administrative remedy with DOL, and make nonfrivolous allegations of the following:  that he is a preference eligible or veteran who was separated from the armed forces under honorable conditions after 3 years or more of active service; and that the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce.[4]

for the delay.  PFR File, Tab 4 at 4-6.  Although the finality date for the initial decision was January 1, 2018, as the appellant correctly observes, that day was a Federal holiday and so his petition for review was due on the next business day.  5 C.F.R. § 1201.23; PFR File, Tab 2 at 4; ID at 15.  Accordingly, the appellant's petition for review, which was received on January 2, 2018, was timely filed, and the agency's argument is inapposite.

[3] Prior to the passage of the Veterans Benefits Improvement Act of 2004, Pub. L. No. 108-454, Title VIII, § 804, 118 Stat. 3598, 3626 (2004), this redress right was only available to preference-eligible applicants, but the Act extended the right to include covered veterans.  *Montgomery v. Department of Health & Human Services*, 123 M.S.P.R. 216, ¶ 4 n.1 (2016); *see* 5 U.S.C. § 3330a(a)(1)(B).

[4] The Board has held that VEOA right to compete appeals have an additional jurisdictional element, i.e., a nonfrivolous allegation that the actions at issue took place

*See Montgomery*, [123 M.S.P.R. 216](#), ¶¶ 4-5; *Becker v. Department of Veterans Affairs*, [115 M.S.P.R. 409](#), ¶ 5 (2010).

¶7          There are two types of selection procedures that agencies generally use to fill vacancies in the competitive service:  (1) the open "competitive examination" process, which is typically open to the public and is used for employees seeking to join the competitive service; and (2) the "merit promotion" process used when a position is filled from within an agency's workforce or by an applicant from outside the agency who has "status" in the competitive service, such as a competitive-service employee at another agency or a preference-eligible veteran. *Kerner*, 778 F.3d at 1337; *Montgomery*, [123 M.S.P.R. 216](#), ¶ 7 n.3; *see Joseph v. Federal Trade Commission*, [505 F.3d 1380](#), 1381-82 (Fed. Cir. 2007).  Agencies are free to decide whether to use one selection procedure or another, or both, in filling a particular vacancy.  *See Dean v. Consumer Product Safety Commission*, [108 M.S.P.R. 137](#), ¶ 11 (2008).

¶8          The advantages veterans receive differ depending on which process is used. *Miller v. Federal Deposit Insurance Corporation*, [818 F.3d 1357](#), 1359 (Fed. Cir. 2016).  If an agency uses an open competitive appointment process to fill a vacancy, preference-eligible applicants are given several advantages, such as adding points to their ratings and being ranked ahead of other applicants with the same rating.  *Joseph*, 505 F.3d at 1381.  By contrast, "[v]eterans' point preferences under the competitive appointment process do not apply in the merit promotion process."  *Id.* at 1382.  Instead, when an agency uses the merit

---

on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004.  *E.g. Styslinger v. Department of the Army*, [105 M.S.P.R. 223](#), ¶ 31 (2007).  Without purporting to overrule this case law, we observe that nearly 20 years have now passed since the Veterans' Benefits Improvement Act was enacted and that this jurisdictional issue will seldom, if ever, be dispositive in future cases.  We therefore find that, going forward, an accurate exposition of the jurisdictional elements for a VEOA right to compete appeal may omit reference to the date that the action at issue took place.  *See Davis v. Department of Defense*, [2022 MSPB 20](#), ¶ 5 n.1.

promotion process and opens the application process to individuals outside of its workforce, preference-eligible applicants and certain veterans "may not be denied the opportunity to compete" for such vacancies. *Kerner*, 778 F.3d at 1337 (quoting 5 U.S.C. § 3304(f)(1)).

¶9 Finally, VEOA complainants do not have an unconditional right to a hearing before the Board. *Coats v. U.S. Postal Service*, 111 M.S.P.R. 268, ¶ 13 (2009); 5 C.F.R. § 1208.23(b). Instead, the Board has the authority to decide a VEOA appeal on the merits, without a hearing, when there is no genuine dispute of material fact and one party must prevail as a matter of law.[5] *Coats*, 111 M.S.P.R. 268, ¶ 13.

¶10 It is undisputed that the appellant exhausted his administrative remedies with DOL and made nonfrivolous allegations that he is a preference eligible and that the actions at issue took place after the enactment of VEOA. IAF, Tab 6 at 4-7. As the administrative judge found and the parties do not dispute, the vacancy announcement at issue here solicited applicants for the position from outside the agency's own workforce, including from veterans. IAF, Tab 5 at 7-8; ID at 7-8; IAF, Tab 24 at 5. Therefore, whether the appellant was entitled to corrective action under VEOA would ordinarily turn on whether he was granted a bona fide opportunity to compete for the position. *See* 5 U.S.C. § 3304(f)(1); *Gingery v. Department of Veterans Affairs*, 114 M.S.P.R. 175, ¶ 9 (2010).

¶11 On review, the appellant argues that the Federal Circuit decision the administrative judge relied on in reaching his decision, *Kerner v. Department of the Interior*, was wrongly decided, and that the administrative judge erred by relying on it. PFR File, Tab 2 at 6-8. The appellant also cites to decisions from

---

[5] A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009). A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party if he credits that party's evidence. *Id.*

the U.S. Supreme Court and the U.S. Court of Claims that he argues are inconsistent with *Kerner*. PFR File, Tab 5 at 4, 11-13. We turn now to a brief recounting of the relevant facts of *Kerner*.

¶12 The appellant in *Kerner* was an employee of the Department of the Interior at the time he applied for two merit promotion vacancies listed by his employing agency. *Kerner*, 778 F.3d at 1337. Both vacancies required Federal employee applicants to meet certain time-in-grade requirements, which Mr. Kerner did not meet, so the agency found him unqualified for the positions. *Id.* After the Board denied Mr. Kerner's request for corrective action, he appealed to the Federal Circuit arguing that his employing agency violated his rights by denying him the opportunity to compete for the positions based on the agency's failure to credit his military and non-Federal civil service, as required by 5 U.S.C. § 3311, when determining that he did not meet the time-in-grade requirements. *Id.* at 1336-38.

¶13 The Federal Circuit affirmed the Board's decision, but in doing so concluded that, because Mr. Kerner was already employed in the Federal civil service, 5 U.S.C. §§ 3304(f) and 3311 were inapplicable in his case. *Kerner*, 778 F.3d at 1338-39. The Federal Circuit concluded that Mr. Kerner's argument that the agency was required to consider his military and non-Federal civil service under 5 U.S.C. § 3311 rested on the presumption that section 3304(f)'s "opportunity to compete" provisions applied even in instances in which an applicant already was employed in the Federal civil service. *Id.* at 1338. After reviewing the text and legislative history of VEOA and its precursor, the Veterans' Preference Act (VPA), the Federal Circuit concluded that nothing in the statutory language, the legislative history, or case law supported such a presumption. *Id.* Instead, the court determined that the statutory text and legislative history of VEOA and the VPA only evinced an intent to assist veterans in obtaining an *initial* appointment to the Federal service—not subsequent promotions or other intra-agency movement. *Id.* Additionally, the court concluded that, because veterans currently employed in a competitive service

position are already "eligible to apply" to merit promotion vacancies, such applicants could not have been the intended beneficiaries of section 3304(f). *Id.*

¶14     In the instant case, the administrative judge meticulously recounted the Federal Circuit's reasoning in *Kerner* and concluded that, because the appellant was a Federal employee at the time the agency found him ineligible for appointment to the IT Specialist position based on its understanding of 5 C.F.R. § 330.502 ("the 90-day rule"), the appellant could not prevail as a matter of law on his argument that he was denied the opportunity to compete under 5 U.S.C. § 3304(f).  ID at 9.  However, in reaching this conclusion, the administrative judge opined that the Federal Circuit in *Kerner* appeared to have answered a broader question than was necessary to resolve the factual dispute before it, and observed that the decision "would appear to be a marked departure from the application of [the] rights" articulated in 5 U.S.C. §§ 3330a(a)(1)(B) and 3304(f). ID at 10-13.

¶15     The administrative judge's point is well taken.  The holding the Federal Circuit appears to have reached in *Kerner* is that 5 U.S.C. §§ 3304(f) and 3311 "do not require a [F]ederal agency to consider non-[F]ederal civil service experience when determining whether a veteran employed in the [F]ederal civil service meets a time-in-grade requirement for the purposes of a merit promotion." *Kerner*, 778 F.3d at 1339.  In arriving at this conclusion, however, the Federal Circuit seems to have gone well beyond this narrow question and addressed the broader question of whether Congress intended section 3304's opportunity-to-compete provision to apply to preference-eligible applicants who are already employed in the Federal civil service, and concluded that, based on Federal court precedent and the statutory text and legislative history of VEOA and the VPA, it did not.  *Kerner*, 778 F.3d at 1338-39.

¶16     In discussing the statutory language, the court stated that "[t]he text of the VEOA shows that it is intended to assist veterans in gaining access to [F]ederal civil service employment, not to give veterans preference in merit promotions."

*Kerner*, 778 F.3d at 1338.  Continuing, the court also noted that "[t]he legislative history of the VEOA confirms that Congress did not intend for [section] 3304 to apply when a veteran or other preference-eligible applicant is already employed in [F]ederal civil service."  *Id.* at 1339.  Finally, the court concluded its analysis of the legislative history of VEOA by observing that "statements [in VEOA's legislative history] show that the VEOA was specifically targeted to veterans not already employed in the [F]ederal civil service."  *Id.*

¶17        Although we share the concerns expressed by the administrative judge, we agree with his conclusion that the Federal Circuit's broad statements in *Kerner* cannot be dismissed as mere dicta and must have been intended as essential to the central holding of the case.  ID at 12.  We are bound to follow precedential decisions of the Federal Circuit unless they are overruled by the court sitting en banc.  *See Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014), *aff'd*, 620 F. App'x 892 (Fed. Cir. 2015); *Coley v. Department of Transportation*, 112 M.S.P.R. 645, ¶ 6 (2009).  Accordingly, the administrative judge correctly concluded that, given the appellant's undisputed status as a current Federal employee, he was not entitled to recovery on his claim that he was denied an opportunity to compete under 5 U.S.C. § 3304(f) as a matter of law.  *See Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007) (noting that a VEOA appeal may be decided on the merits, without an evidentiary hearing, when there is no genuine dispute of material fact and one party must prevail as a matter of law).

Prior Board decisions that are inconsistent with the Federal Circuit's decision in *Kerner* are overruled.

¶18        As the administrative judge observed, a number of prior Board cases appear to be in conflict with the Federal Circuit's holding in *Kerner*.  In *Jolley v. Department of Homeland Security*, 105 M.S.P.R. 104, ¶ 20 (2007), the Board specifically held that "[5 U.S.C. §]3304(f)(1) covers current employees along with those seeking initial [F]ederal appointment."  Similarly, in *Styslinger v.*

*Department of the Army*, 105 M.S.P.R. 223, ¶ 32 (2007), the Board concluded that the agency could not rely on the appellant's status as a current Federal employee to reject his application without affording him the opportunity to compete for a vacancy that was announced under merit promotion procedures and for which the agency accepted applications from individuals outside its own workforce. In *Gingery v. Department of Veterans Affairs*, 114 M.S.P.R. 175, ¶ 6 (2010), and *Shapley v. Department of Homeland Security*, 110 M.S.P.R. 31, ¶ 7 (2008), the Board relied on the holdings in *Styslinger* and *Jolley* to conclude that "under the plain language of 5 U.S.C. § 3304(f)(1), all covered individuals, including current employees and those seeking initial [F]ederal appointments, must be permitted to compete when applications will be accepted from persons outside the hiring agency's work force." Finally, although the Board in *Phillips v. Department of the Navy*, 110 M.S.P.R. 184, ¶¶ 2, 6, 10 (2008), did not specifically state the proposition that current Federal employees are entitled to corrective action under VEOA if they are denied the opportunity to compete under 5 U.S.C. § 3304(f), it implicitly relied on the proposition in concluding that the current Federal employee applicant in that case was entitled to corrective action. Consequently, to the extent that they are inconsistent with the Federal Circuit's holding in *Kerner*, these and similar decisions, which conclude that current Federal employees are entitled to corrective action pursuant to 5 U.S.C. § 3304(f)(1) when they are denied the opportunity to compete for a position that an agency announced using merit promotion procedures and for which it accepts applications from individuals outside of its own workforce, are overruled on this point.

The appellant's remaining arguments do not provide a basis for granting his petition for review.

¶19      Regarding the appellant's argument that the U.S. Court of Claims decision in *Crowley v. United States*, 527 F.2d 1176 (Ct. Cl. 1975), and the U.S. Supreme Court decision in *Hilton v. Sullivan*, 334 U.S. 323 (1948), mandate that "veterans

preference always applies even in merit promotions and is only prohibited in temporary promotions," and thus are at odds with the Federal Circuit's decision in *Kerner*, this argument is without merit. PFR File, Tab 5 at 4, 11-13. *Crowley* involved the termination of temporary promotions for certain preference-eligible employees and generally discussed the scope of the VPA, while *Hilton* dealt with veteran retention rights under the VPA during a reduction in force. *Hilton*, 334 U.S. at 336-39; *Crowley*, 527 F.2d at 1177-85. Neither decision reached the conclusion identified by the appellant or discussed the extent of the right to compete under 5 U.S.C. § 3304(f). The appellant also cites the Federal Circuit's decision in *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140 (Fed. Cir. 1986), for the proposition that a higher court "cannot uphold any lower courts (sic) unlawful decisions contradicting veterans preference," because Congress "limited edits to veterans preference through the use of legislation." *Id.* at 11. The Federal Circuit's decision in *Cheeseman* makes no reference to veteran's preference rights and has no bearing on the outcome of this case.

¶20     We also find no merit to the appellant's argument that his VEOA claim was harmed by the administrative judge's decision to docket his constructive adverse action claim as a separate appeal.[6] PFR File, Tab 2 at 6-7, 15-16, Tab 5 at 5, 8-10. As the administrative judge observed both in this appeal and in the separately docketed constructive adverse action appeal, the allegations in the appellant's constructive adverse action appeal differ materially from those in his

---

[6] During the adjudication of this appeal, the appellant submitted a filing in which he alleged for the first time that he had been subjected to a constructive adverse action when he accepted a transfer to a position within the Department of the Army, which the administrative judge separately docketed and adjudicated as a constructive adverse action appeal. IAF, Tab 26 at 4; *see Oram v. Department of the Navy*, MSPB Docket No. DC-3443-18-0057-I-1, Initial Appeal File, Tab 1. The appellant has filed a petition for review of the administrative judge's decision in that case. MSPB Docket No. DC-3443-18-0057-I-1, Petition for Review File, Tab 1. A separate Board decision will be issued for that case.

VEOA appeal, rely on a different statutory basis, and are directed at a different agency component. *See* ID at 3 n.2; *Oram v. Department of the Navy*, MSPB Docket No. DC-3443-18-0057-I-1, Initial Decision at 2-3 (Nov. 27, 2017).  We agree with the administrative judge's conclusion on this point and see no reason to disturb that finding on review.  Consequently, although the appellant addresses the merits of his constructive adverse action claim at length in his petition for review, we need not address those arguments here because those issues are being adjudicated in the separately docketed appeal.  Accordingly, we deny the petition for review and affirm the initial decision.

## ORDER

¶21     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:


/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.