## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DELORES PORTER,
　　　　　　　Appellant,

　　　　v.

DEPARTMENT OF LABOR,
　　　　　　　Agency.

DOCKET NUMBER
CH-3330-17-0169-I-1

DATE: April 27, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Delores Porter, Mount Prospect, Illinois, pro se.

Travis W. Gosselin, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which denied corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regional office for further adjudication of that claim in accordance with this Remand Order.

## BACKGROUND

¶2 The appellant, who is entitled to veterans' preference, applied for a GS-09 Employee Benefits Examiner position under vacancy announcement No. PW-17-CHI-EBSA-0032. Initial Appeal File (IAF), Tab 7 at 4, Tab 16 at 5. The agency did not select her for the position and she subsequently filed a complaint with the Department of Labor (DOL), Veterans' Employment and Training Service (VETS), which investigated and found no violation of her veterans' preference rights. IAF, Tab 15 at 5, Tab 16 at 5-6. The appellant filed this VEOA appeal 5 days later, alleging that the agency denied her the right to compete for a vacant position for which the agency accepted applications from individuals outside its own workforce, in violation of 5 U.S.C. § 3304(f)(1). IAF, Tabs 1, 8.

¶3 The appellant subsequently applied for vacancy announcements Nos. PW-17-CHI-EBSA-0030 and PW-16-CHI-OASAM-0171, and she alleged that the agency violated her veterans' preference rights when it cancelled those vacancy announcements. IAF, Tab 16 at 4, Tab 13. The administrative judge added those claims to this VEOA appeal and gave the appellant notice of the requirement that she exhaust her remedies with DOL, as well as the pertinent deadline for filing such a claim and the standards for the equitable tolling of that deadline. IAF, Tab 16 at 4-5. Without holding the requested hearing, the administrative judge denied the appellant's VEOA appeal, finding that the Board lacks jurisdiction over two of her VEOA claims and that the third must be dismissed as a matter of law. IAF, Tab 18, Initial Decision (ID).

¶4 Concerning vacancy announcement No. PW-17-CHI-EBSA-0030, the administrative judge found that the appellant failed to allege that she exhausted her claim with DOL. ID at 3. As to vacancy announcement No. PW-16-CHI-OASAM-0171, the administrative judge found that the appellant failed to timely

file her claim and did not identify any basis for the equitable tolling of the deadline. ID at 4-5. Therefore, she determined that the Board lacks jurisdiction over these two nonselections. ID at 3-5.

¶5 Regarding vacancy announcement No. PW-17-CHI-EBSA-0032, the administrative judge found that the appellant established jurisdiction over her VEOA claim. ID at 5-6. Nevertheless, she concluded that corrective action must be denied as a matter of law. She reasoned that obtaining the educational degree was a requirement of participation in the Recent Graduates Program. ID at 7. Because the appellant had applied for the position under this program before she obtained her master's degree and she did not show that she had notified the agency when she submitted her application that she had completed the degree requirements, she was not qualified for the position. ID at 6-8.

¶6 In her petition for review, the appellant only addresses her claim concerning vacancy announcement No. PW-17-CHI-EBSA-0032, arguing that her résumé and application both indicated that she obtained her master's degree prior to applying for the position.[2] Petition for Review (PFR) File, Tab 1 at 4. She asserts that VETS failed to forward her supporting documentation as promised, and that that documentation would have established her claim. *Id.* at 4-5. She also argues that the transcript she submitted with her application fulfills the requirements of the Recent Graduates Program. *Id.* at 6-10; PFR File, Tab 4. The agency has filed a response in opposition to the appellant's petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 To establish Board jurisdiction over a VEOA right-to-compete claim, the appellant must show that she exhausted her remedy with DOL and make nonfrivolous allegations that she is a veteran as described in 5 U.S.C.

---

[2] The appellant does not challenge the administrative judge's findings as to her other two nonselections, and we discern no basis to disturb them.

§ 3304(f)(1), the agency denied her the right to compete under merit promotion procedures for a vacant position for which the agency accepted applications from outside its own workforce, and the denial occurred on or after December 10, 2004. *Wheeler v. Department of Defense*, 113 M.S.P.R. 376, ¶ 7 (2010). Concerning vacancy announcement No. PW-17-CHI-EBSA-0032, the administrative judge correctly found that the Board has jurisdiction over the appellant's claim because the record reflects that she exhausted her remedy before DOL, she is preference eligible, and she made a nonfrivolous allegation that the agency denied her the right to compete for the position in December 2016. *Id.*; ID at 5-6. To prevail on the merits in a right-to-compete claim under 5 U.S.C. § 3330a(a)(1)(B), the appellant must prove the jurisdictional elements by preponderant evidence. *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 19 (2010). The Board has found that an agency's failure to properly evaluate an applicant's qualification may constitute a denial of the right to compete. *See Phillips v. Department of the Navy*, 110 M.S.P.R. 184, ¶¶ 8, 12, 14 (2008), *overruled on other grounds by Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 18 (finding that, contrary to the implicit holding in *Phillips*, current Federal employees are not entitled to corrective action under VEOA if they are denied the opportunity to compete under 5 U.S.C. § 3304(f)).

¶8    The administrative judge denied corrective action as to the appellant's nonselection for vacancy announcement No. PW-17-CHI-EBSA-0032, finding that the appellant applied for the position before she obtained her degree and did not show that she notified the agency when she applied that she had completed the degree requirements. ID at 6-8. The appellant argues that both her résumé and application indicated that her graduation date was August 17, 2016, before the November 18, 2016 opening date on the job announcement. PFR File, Tab 1 at 4; IAF, Tab 1 at 5. She further argues that the transcript she submitted with her application shows that she completed 36 credit hours, which is equivalent to 2 years of graduate-level education and a master's degree. PFR File, Tab 1 at 9;

IAF, Tab 1 at 5. However, the transcript was issued before she obtained her degree, and therefore did not reflect that she had obtained it. *Id.*; IAF, Tab 7 at 6-8. The appellant asserts that the regulations for the Recent Graduates Program do not include the requirement that the agency applied in this matter, evidence of the award of a degree, for an individual to be considered for the position. PFR File, Tab 4 at 5; IAF, Tab 1 at 5. We agree.

¶9    To participate in the Recent Graduates Program, an individual must have a received a degree within 2 years. *Dean v. Department of Labor*, 808 F.3d 497, 508 (Fed. Cir. 2015); 5 C.F.R. § 362.302(a). However, to apply for a position in the program, an individual is required only to have "completed all requirements of an academic course of study leading to a qualifying . . . degree." 5 C.F.R. § 362.302(b)(1). The Office of Personnel Management (OPM) considered, but declined to adopt, a requirement that candidates for positions under the program must be in receipt of a diploma, observing that there may be a delay between completing academic requirements and receiving the degree. Excepted Service, Career and Career-Conditional Employment; and Pathways Programs, 77 Fed. Reg. 28,194, 28,210 (May 11, 2012) (codified in pertinent part at 5 C.F.R. § 362.302). Instead, the qualifications standards that apply to positions in the Recent Graduates Program are OPM's Qualification Standards. *Dean*, 808 F.3d at 508; 5 C.F.R. § 362.303(d). As it concerns series 1801 positions, such as the Employee Benefits Investigator position at issue here, OPM has not adopted specific qualification standards. IAF, Tab 13 at 4; OPM, Classification & Qualifications, General Schedule Qualification Standards, General Inspection, Investigations, Enforcement, and Compliance Series, 1801, https://www.opm.gov/policy-data-oversight/classification-qualifications/general-schedule-qualification-standards/1800/general-inspection-investigation-enforcement-and-compliance-series-1801/ (last visited Apr. 26, 2023). Instead, it refers to its general qualification standards for administrative and management positions. *Id.* Those standards provide that, as relevant to a

GS-09 position, the education qualification standard may be fulfilled either by a "master's or equivalent degree," or "2 full years of progressively higher level graduate education leading to such a degree." OPM, General Schedule Qualification Standards, Group Coverage Qualification Standards, https://www.opm.gov/policy-data-oversight/classification-qualifications/general-schedule-qualification-standards/#url=Group-Standards (last visited Apr. 26, 2023).

¶10    Consequently, a question exists regarding whether the agency violated the appellant's veterans' preference rights under 5 U.S.C. § 3304(f)(1) in denying her the right to compete by requiring that she prove that she received her degree at the time she applied. PFR File, Tab 1 at 6-10. However, the record is not sufficiently developed to allow us to make this determination on review. Thus, we must remand the appeal to the regional office to develop the record and adjudicate this issue, including providing the appellant's requested hearing, if necessary. *See Montgomery v. Department of Health and Human Services*, 123 M.S.P.R. 216, ¶ 13 (2016) (observing that the Board may decide the merits of a VEOA appeal without holding a hearing only when there is no genuine dispute of material fact and one party must prevail as a matter of law); IAF, Tab 1 at 2.

¶11    In finding that there was no dispute of material fact, the administrative judge observed that the appellant did not provide a copy of the vacancy announcement. ID at 6-7. The appellant also did not provide a copy of her application. On review, she expresses confusion regarding the processing of her appeal, and seems to believe that VETS was responsible for providing its investigative file to the Board. PFR File, Tab 1 at 5. Although the appellant bears the burden of proof regarding her VEOA claim, the agency had the obligation to come forward with relevant evidence pursuant to the acknowledgment order and the Board's regulations within 20 days of the docketing of the appeal. *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 23 (2016); 5 C.F.R. §§ 1201.22(b)(1), 1201.25(c); IAF, Tab 2 at 6, 9-10. In

particular, in a case involving a nonselection, the evidence regarding the selection process often is exclusively within the agency's possession. *See Bradley v. Department of Homeland Security*, [123 M.S.P.R. 547](#), ¶ 16 (2016) (observing in an individual right of action appeal that when the personnel action at issue is a nonselection, the evidence concerning who was involved in the selection process, what they knew about the appellant's protected disclosures, and who may have influenced their decision is exclusively within the agency's possession). Therefore, on remand, the administrative judge should order the agency to comply with the instruction to provide an agency file, and to include documents relevant to its selection for the position in question, such as the vacancy announcement, the appellant's application, and documents related to her nonselection.

## ORDER

¶12      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. In the remand initial decision, the administrative judge may restate the previous jurisdictional findings as to vacancy announcement Nos. PW-16-CHI-OASAM-0171 and PW-17-CHI-EBSA-0030.[3]

FOR THE BOARD:                    /s/ for

                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.

---

[3] The remand initial decision will incorporate the findings from this Order and include a notice of appeal rights for all claims raised by the appellant.