**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LAURA A. HAYDEN, | DOCKET NUMBER |
| Appellant, | DC-3330-20-0376-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: January 27, 2025 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Larry J. Hayden, Camp Creek, West Virginia, for the appellant.

Tatiana Marie Carradine, Esquire, and Jessica I. Ortiz-Sanchez, Esquire, Fort Liberty, North Carolina, for the agency.

### BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action under the Veterans Employment Opportunities Act (VEOA) of 1998. For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review, AFFIRM the administrative judge's jurisdictional finding, VACATE the remainder of the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The agency issued a merit promotion vacancy announcement (SCDN191582737538) for the position of GS-12 Organizational Resources Specialist. Initial Appeal File (IAF), Tab 9 at 40-45. The announcement specified that it was open to, among others, current or former competitive service Federal employees, veterans, and military spouses. *Id*. at 41-42. The appellant, a preference-eligible veteran, applied but was not selected for the position.[2] IAF, Tab 4 at 12-13, Tab 9 at 22-26. She filed a complaint with the Department of Labor (DOL), alleging that the agency violated her veterans' preference rights. IAF, Tab 4 at 14-15. By letter dated February 5, 2020, DOL informed her that it was closing its case because its investigation had shown that the evidence did not support her allegation. *Id*. at 15.

The appellant filed a Board appeal alleging that her veterans' preference rights were violated because a military spouse "block[ed]" her from having her application considered by the selecting official. IAF, Tab 1 at 6. She submitted an email from an agency human resources consultant advising her that she was eligible and qualified for the position but that "[the agency] had numerous

---

[2] The appellant originally claimed that she was entitled to a preference based on her husband's status as a disabled veteran when she applied for the vacancy at issue. IAF, Tab 9 at 24. In addition to honorably discharged veterans who served in the armed forces of the United States under certain circumstances, spouses of some disabled veterans are also considered preference eligibles. 5 U.S.C. § 2108. The administrative judge found that the appellant failed to follow the instructions in the vacancy announcement to provide proof of her marriage to be entitled to the derived preference as the spouse of a disabled veteran. IAF, Tab 11, Initial Decision (ID) at 5-7; IAF, Tab 9 at 28-40, 56. The administrative judge also found, however, that the agency determined that the appellant was a preference eligible based on her own military service. ID at 7; IAF, Tab 9 at 28. The parties do not dispute these findings on review.

[m]ilitary [s]pouses with preference that qualified for [the] position" and "[m]ilitary [s]pouses block new appointments." IAF, Tab 4 at 13. The agency explained the legal basis for granting military spouses a hiring preference and noted that, for the vacancy at issue, "two referral lists were permitted to be issued[,]" one with military spouses and another with those eligible for noncompetitive appointment authorities "such as 30% or more disabled veterans."[3] IAF, Tab 9 at 10. The agency stated that the selectee for the position was on the latter referral list. *Id*.

The administrative judge found that the appellant established jurisdiction over the VEOA appeal because she had exhausted her administrative remedy with DOL and made a nonfrivolous allegation that she is a preference eligible within the meaning of VEOA, the action at issue took place on or after the October 30, 1998 enactment date of VEOA, and the agency violated her rights under a statute or regulation relating to veterans' preference. IAF, Tab 11, Initial Decision (ID) at 3-4; *see Bent v. Department of State*, 123 M.S.P.R. 304, ¶ 5 (2016) (stating the basis for Board jurisdiction over a VEOA appeal). However, the administrative judge denied the appellant's request for corrective action, without holding a hearing, because she found that the appellant failed to prove that the agency violated her rights under any statute or regulation relating to veterans' preference. ID at 5-11. The administrative judge observed that, when an agency fills a position using merit promotion procedures, veterans' preference is inapplicable but preference eligibles have the right to compete for the position. ID at 10. Because the agency stated that the appellant was found to be qualified and the appellant failed to identify a statute or regulation requiring her referral to the selecting official or requiring that she receive any additional consideration, the administrative judge found that the appellant failed to show that she was denied

---

[3] The agency used the term "referral list" for the list of individuals that a selecting official may choose from in making a hiring decision. Such a list is more commonly referred to as a "certificate of eligibles."

an opportunity to compete for the position under 5 U.S.C. § 3304(f)(1). ID at 10-11; *see* IAF, Tab 9 at 9.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. She argues that she did not have the opportunity to compete because her application did not reach the selecting official and that the administrative judge misstated the meaning of section 3304(f) to suggest that she had a right to apply for the position rather than the right to have her application considered by the selecting official. *Id*. at 4-5. She also argues that a military spouse was improperly given priority consideration for the vacancy. *Id*. at 5-6. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

Title 5, United States Code, section 3304(f)(1) provides, in pertinent part, that a preference eligible "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." To prevail on the merits of a VEOA appeal involving a veterans' preference claim,[4] an appellant must prove by preponderant evidence that she is a preference eligible or veteran who was separated from the armed forces under honorable conditions after 3 years or more of active service; that the actions at issue took place on or after the October 30, 1998 enactment date of VEOA for preference eligibles or the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004 for veterans covered by section 3304(f)(1); and that the agency denied her the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce. *See Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 6 (setting forth an appellant's jurisdictional burden); *see also*

---

[4] The parties do not dispute, and we agree with the administrative judge, that the appellant established jurisdiction over the VEOA appeal.

*Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶¶ 10, 19 (2010) (reflecting that an appellant's burden to prove the merits of his VEOA claim is preponderant evidence). Here, the parties do not dispute, and we find no reason to disturb, the administrative judge's findings that the appellant is preference eligible and the nonselection took place after VEOA's enactment. ID at 4. Therefore, the remaining issue is whether the agency's action violated her right to compete.[5] *See Oram*, 2022 MSPB 30, ¶ 6.

According to the agency, the appellant applied for the position, her application was reviewed, and she was ranked in the best qualified category, along with a military spouse preference (MSP) applicant. IAF, Tab 9 at 9. The right to compete under section 3304(f)(1) does not require that a preference eligible be considered at every stage of the selection process up to that process's final stage, but it does require that the individual be permitted to compete on the same basis as the other candidates. *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11 (2010).

The appellant argues that she was denied a right to compete when the agency gave priority consideration to an MSP applicant for the vacancy at issue. PFR File, Tab 1 at 5; IAF, Tab 1 at 6. The agency argues that its internal policy supported its use of priority consideration for the MSP applicant, IAF, Tab 9 at 9-10, 64, and the record reflects that an agency human resources consultant informed the appellant that MSP applicants who ranked among the best qualified "block[ed] new appointments" and any applications resulting in new appointments would not be referred to the selecting official, IAF, Tab 4 at 13. The agency's statement that an MSP applicant precluded further consideration of the appellant, a preference eligible, raises a question as to whether the agency

---

[5] In the show cause order issued by the Clerk of the Board on October 17, 2024, the parties were directed to submit evidence and argument addressing whether the appellant was a current Federal employee at the time she applied for the position at issue. PFR File, Tab 5. The parties responded to the order, confirming that she was not a current Federal employee at the time she applied for the position at issue. PFR File, Tabs 6, 9.

violated the appellant's right to compete. *See Montgomery v. Department of Health and Human Services*, 123 M.S.P.R. 216, ¶ 9 (2016) (stating that an agency's internal policy may not override applicable status, including 5 U.S.C. § 3304(f)(1)); *Shapley v. Department of Homeland Security*, 110 M.S.P.R. 31, ¶¶ 12, 16 (2008) (finding a VEOA violation when a preference eligible's application was not forwarded to the selecting official because two other individuals were entitled to priority consideration under agency policy), *overruled on other grounds by Oram*, 2022 MSPB 30, ¶ 18; *see also* 10 U.S.C. § 1784 (stating that a military spouse should not be provided a hiring preference over a preference eligible).

However, the agency stated that it issued two certificates of eligibles for the vacancy at issue and made a selection from a noncompetitive certificate that did not include the MSP applicant. IAF, Tab 9 at 10. An agency has the discretion to fill a vacancy "by any authorized method." *Montgomery*, 123 M.S.P.R. 216, ¶ 6. The Board will review the method used by an agency to fill a vacancy to determine if it is authorized when the use of an unauthorized method could have denied covered individuals the right to compete. *Id*.

As to this issue, the record in the instant appeal is not adequately developed. The agency did not provide the certificate of eligibles from which it made the selection or the certificate of eligibles on which the MSP applicant "blocked" the appellant. The agency also did not provide a sworn statement or declaration under penalty of perjury from anyone involved in the selection process. If the agency used a means to fill the vacancy at issue under which the appellant was not entitled to have her application considered, then that would be relevant evidence that the selection of another individual did not constitute a violation of the appellant's right to compete as a preference eligible.

Thus, we find it appropriate to remand the appeal for further development of the record.[6] On remand, the administrative judge should hold the appellant's requested hearing unless, after affording the parties the opportunity to develop the record consistent with this decision, there is no genuine dispute of material fact and one party must prevail as a matter of law. *Montgomery*, 123 M.S.P.R. 216, ¶ 13. The administrative judge should then issue a new initial decision identifying all material issues of fact and law, summarizing the evidence, resolving issues of credibility, and setting forth her conclusions of law and her legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:       _____
                   Gina K. Grippando
                   Clerk of the Board

Washington, D.C.

---

[6] The parties are reminded that statements of a party's representative in a pleading are not considered evidence. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 6 n.1 (2014).