# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIAM T WOLZ,<br>    Appellant,<br><br>    v.<br><br>DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>    Agency. | DOCKET NUMBER<br>PH-3330-23-0031-I-2<br><br><br>DATE: May 8, 2026 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>William T. Wolz</u>, Aliquippa, Pennsylvania, pro se.

<u>Christine Beam</u>, Esquire, and <u>Jillian Flatley</u>, Esquire, Pittsburgh, Pennsylvania, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). On petition for review, the appellant reasserts his claim that the agency's voluntary reconstruction process was flawed, and he argues that the administrative judge should have allowed him to respond to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the agency's close of record brief. Petition for Review (PFR) File, Tab 1 at 2-5. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge appropriately found that the appellant established the Board's jurisdiction over this appeal. *Wolz v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-23-0031-I-2 Appeal File (I-2 AF), Tab 11, Initial Decision (ID) at 4-5. We also agree with his conclusion that, because the agency elected to fill the Financial Management Specialist position through the merit promotion process and accepted applications from outside its own workforce, the appellant's veterans' preference only entitled him to an opportunity to compete for the position and that the agency provided him with that opportunity. ID at 5-7; *see* 5 U.S.C. § 3304(l)(1). We also agree with the administrative judge that the appellant's arguments regarding the validity of the unilateral reconstruction process are speculative. ID at 7. His similar arguments on review regarding the lack of an interview during the reconstruction process and his unsupported assertion that the selecting official did not review his resume do not provide a basis to disturb the initial decision. PFR File, Tab 1 at 3-4.

The appellant also argues on review that the agency impermissibly imposed geographic limitations on the position, asserting that VEOA eligible veterans are not subject to geographic area of consideration limitations but that the vacancy announcement provided that the first area of consideration would be current, permanent employees of the Pittsburgh VA Medical Center. PFR File, Tab 1 at 2. The appellant briefly raised this argument below, but it is not addressed in the initial decision. *Wolz v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-23-0031-I-1 Initial Appeal File (IAF), Tab 17 at 2. Although the appellant is correct that, under VEOA, agencies may not limit the right of preference eligibles to compete for merit promotion vacancies because they reside outside the "area of consideration" for the position, *see Jolley v. Department of Homeland Security*, 105 M.S.P.R. 104, ¶ 16 (2007), *overruled on other grounds by Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 18, the language in the vacancy announcement does not impose such limitations. Rather, it simply gives priority consideration to those who are current, permanent employees of the Pittsburgh VA Medical Center. IAF, Tab 6 at 16. Nothing in the vacancy announcement infringed on the appellant's right to compete by limiting the area of consideration. This argument does not provide any basis to disturb the initial decision.

Finally, the appellant argues on review that the administrative judge violated his own order by not permitting him to respond to the agency's close of record brief. PFR File, Tab 1 at 2. The administrative judge's January 31, 2025 close of record order provides that the record would close on February 10, 2025, but that, pursuant to 5 C.F.R. § 1201.59(c), a party must be allowed to respond to new evidence or argument submitted by the other party just before the close of record. IAF, Tab 8. The appellant claims on review that he was not permitted to respond to the agency's close of brief before the administrative judge issued the initial decision, but he has not identified any new evidence or argument that was set forth in the agency's close of record brief. PFR File, Tab 1 at 2. In any

event, he submits with his petition for review a responsive pleading to the agency's close of record brief. *Id*. at 5. Although the Board generally will not consider evidence or argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence, *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980), we have reviewed the pleading to determine whether the appellant was deprived of the opportunity to respond to new and material information prior to the close of record below. The appellant's response submitted on review does not address any new evidence or argument included in the agency's brief, but rather, it again reasserts his arguments regarding the agency's decision to give a first area of consideration to current, permanent employees at the Pittsburgh VA Medical Center and his claim that the selecting official did not review his resume. PFR File, Tab 1 at 5. The pleading does not evidence error on the administrative judge's part, nor does it provide a basis to disturb the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.