**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LARRY SQUIRES,

           Appellant,

        v.

DEPARTMENT OF
   TRANSPORTATION,

           Agency.

DOCKET NUMBER
DE-3330-17-0172-I-1

DATE: July 19, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Larry Squires</u>, Golden, Colorado, pro se.

<u>Kyle Fields</u>, <u>Linda Martin</u>, and <u>Elizabeth A. Sorrells</u>, Esquire, Washington,
   D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to clarify (1) the appropriate standard for the disposition of this matter without a hearing, and (2) why the appellant is not entitled to corrective action on his claim of denial of an opportunity to compete under 5 U.S.C. § 3304(f)(1), we AFFIRM the initial decision.

## BACKGROUND

¶2    The appellant is a preference-eligible veteran who applied for an Environmental Protection Specialist position with the Federal Railroad Administration, an administration within the Department of Transportation (DOT), sometime in June or July 2016.  Initial Appeal File (IAF), Tab 7 at 22, 28-30; *see* 49 U.S.C. § 103(a).  The vacancy announcement for the position states that only "[c]urrent DOT employees with status" may apply.  IAF, Tab 7 at 30.  Since 2008, the appellant has been an employee of the Federal Transit Administration, another administration within the DOT.  IAF, Tab 1 at 24-25, Tab 11 at 145; *see* 49 U.S.C. § 107(a).  On September 16, 2016, the agency informed the appellant that he had been tentatively selected for the position.  IAF, Tab 7 at 19-23.  On November 22, 2016, the agency rescinded the tentative job offer.  *Id.* at 13-14.  On December 16, 2016, the appellant filed a VEOA

complaint with the Department of Labor (DOL) regarding his nonselection. IAF, Tab 1 at 22-28.

¶3 After receiving a close-out letter from DOL on January 31, 2017, the appellant filed a Board appeal on February 8, 2017, and did not request a hearing. IAF, Tab 1 at 1-6, 28-29, Tab 7 at 5. He asserted that the agency violated his right to compete for the position under 5 U.S.C. § 3304(f)(1) and failed to provide him with a career or career-conditional appointment under 5 U.S.C. § 3304(f)(2). IAF, Tab 1 at 5, Tab 7 at 4-5, 7-9. In addition, he raised claims of prohibited personnel practices and violations of merit system principles. IAF, Tab 1 at 5, Tab 7 at 7-9. In an Order to Show Cause, the administrative judge found that the Board has jurisdiction over the appeal and informed the parties that section 3304(f)(1) may not apply to this selection process because the vacancy was open only to agency employees, not external candidates. IAF, Tab 12. The administrative judge provided the appellant with an opportunity to state a claim upon which relief can be granted under VEOA. *Id.* Both parties responded. IAF, Tabs 14, 16.

¶4 Based on the written record, the administrative judge issued an initial decision denying both the appellant's request for a hearing[2] and his request for corrective action under VEOA because he failed to state a claim entitling him to relief. IAF, Tab 17, Initial Decision (ID) at 1-2, 5. Specifically, the administrative judge found that the appeal was timely filed and is within the Board's jurisdiction.[3] ID at 1, 3. He further found that 5 U.S.C. § 3304(f)(1) did

---

[2] Insofar as the appellant does not appear to have requested a hearing, the initial decision contained a misstatement. IAF, Tab 1 at 2, Tab 12 at 3-4, Tab 16, Tab 17, Initial Decision at 1. As set forth herein, however, this misstatement did not prejudice the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[3] The parties do not dispute, and we find no reason to disturb, the administrative judge's finding that the appellant timely filed this VEOA appeal within 15 days of his receipt of

not apply because the vacancy was open only to DOT employees.  ID at 3-4.  In addition, the administrative judge found that the Board lacks the authority to decide the appellant's prohibited personnel practice claims.  ID at 4-5.

¶5        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 2.[4]   The agency has filed a response.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over this appeal under VEOA.

¶6        A nonselection generally is not an action directly appealable to the Board; however, it may be appealable under VEOA.  *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 7 (2006).  To establish the Board's jurisdiction over a VEOA appeal based on an alleged violation of veterans' preference rights, an appellant must show that he exhausted his remedy with DOL and make nonfrivolous allegations that he is a preference eligible within the meaning of VEOA, the action at issue took place on or after the October 30, 1998 enactment of VEOA, and the agency violated his rights under a statute or regulation relating to veterans' preference.  *Lis v. U.S. Postal Service*, 113 M.S.P.R. 415, ¶ 8 (2010); *see* 5 U.S.C. § 3330a(a)(1)(A).[5]   Here, the parties do not dispute, and we find no

---

DOL's close-out letter.  ID at 1, 3; IAF, Tab 7 at 5; *see* 5 U.S.C. § 3330a(d)(1)(B); 5 C.F.R. § 1208.22(b).

[4]  With his petition for review, the appellant provides a copy of the vacancy announcement for the Environmental Protection Specialist position.  PFR File, Tab 2 at 7-11.  This announcement, however, was part of the record before the administrative judge.  *Compare id.*, *with* IAF, Tab 7 at 30-34; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new).

[5]  Because the appellant is both a preference eligible and a veteran who separated from the U.S. Marine Corps under honorable conditions after more than 3 years of active service, and the nonselection at issue took place in 2016, after the enactment of both VEOA and the Veterans Benefits Improvement Act of 2004, the Board has jurisdiction over this matter under 5 U.S.C. § 3330a(a)(1)(A) and (a)(1)(B).  IAF, Tab 1 at 16, 22; *see Montgomery v. Department of Health and Human Services*, 123 M.S.P.R. 216, ¶¶ 4-5 & nn.1-2 (2016).  Analyzed under either subpart, the outcome on the merits is the same.

5

reason to disturb, the administrative judge's finding that the Board has jurisdiction over this appeal. ID at 1, 3.

<u>We modify the initial decision to clarify the legal standard for deciding the merits of a VEOA appeal absent a hearing.</u>

¶7        In deciding this matter without a hearing, the administrative judge seemingly reasoned that the appellant had failed to state a claim upon which relief could be granted under VEOA.[6] ID at 3-5. This analysis was imprecise; indeed, the Board has the authority to decide the merits of a VEOA appeal without a hearing when there is no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz v. Department of Veterans Affairs*, [108 M.S.P.R. 349](), ¶ 9 (2008). Dismissing an appeal for failure to state a claim upon which relief can be granted is appropriate only if, taking the appellant's allegations as true and drawing all reasonable inferences in his favor, he cannot prevail as a matter of law. *Id.*, ¶ 8. Here, the administrative judge relied on documentary evidence in finding that the appellant failed to state a claim upon which relief can be granted under VEOA. ID at 3-4. Thus, it was inappropriate to deny the appellant's request for corrective action based on that finding. ID at 1-2, 5; *see Haasz*, [108 M.S.P.R. 349](), ¶ 8. We therefore modify the initial decision to clarify that the appropriate standard was whether there was a genuine dispute of material fact. *See Haasz*, ¶¶ 9-10. For the reasons set forth herein, however, we find that no such dispute existed.

<u>We agree with the administrative judge's conclusion that the appellant was not entitled to any corrective action under VEOA; however, we modify the initial decision to clarify the legal basis for this determination.</u>

¶8        To prevail on the merits of a VEOA appeal involving a veterans' preference claim, an appellant must prove the jurisdictional elements by preponderant

---

[6] Although the administrative judge initially set forth a different legal standard, ID at 1‑2, it does not appear that he applied this standard; rather, he ostensibly concluded that a hearing was unnecessary because the appellant had failed to "state a claim" that would entitle him to any relief, ID at 3-5.

evidence. *See Isabella v. Department of State*, 106 M.S.P.R. 333, ¶¶ 21-22 (2007) (analyzing the appellant's burden of proving the merits of his VEOA appeal involving a veterans' preference claim), *aff'd on recons.*, 109 M.S.P.R. 453 (2008).  Here, the parties do not dispute, and we find no reason to disturb, the administrative judge's findings that the appellant exhausted his remedy with DOL, he is a preference eligible, and the nonselection took place after VEOA's enactment.  ID at 3; IAF, Tab 7 at 11-14, 28-29; *see* 5 U.S.C. § 2108(3) (defining "preference eligible" for purposes of Title 5).  Therefore, the remaining issue is whether the agency's action violated one or more of the appellant's statutory or regulatory veterans' preference rights.  *See Isabella*, 106 M.S.P.R. 333, ¶ 22.

¶9    As stated, the administrative judge concluded that the agency could not have violated the appellant's statutory veterans' preference rights under 5 U.S.C. § 3304(f)(1) because the vacancy announcement for the Environmental Protection Specialist position was open only to DOT employees.  ID at 3-4.  Under 5 U.S.C. § 3304(f)(1), preference eligibles and certain veterans "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures."[7]   The administrative judge reasoned that the right-to-compete provision set forth in this section would have applied to the appellant only if the agency had accepted applications from external applicants, i.e., from non-DOT employees, which it had not.  ID at 3-4.  On review, the appellant challenges this conclusion and argues that language in the vacancy announcement indicates that the agency accepted applications for the position from individuals outside its own workforce under merit promotion procedures, including VEOA eligibles.  PFR File, Tab 2 at 5.  We find this

---

[7] The Board has found that 5 U.S.C. § 3304(f)(1) is a statute relating to veterans' preference for which VEOA provides a remedy.  *Walker v. Department of the Army*, 104 M.S.P.R. 96, ¶ 16 (2006).

distinction immaterial and we modify the initial decision to clarify why 5 U.S.C. § 3304(f) is inapplicable here.

¶10     In *Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 17, the Board found that, as a matter of law, current Federal employees are not entitled to corrective action based on a claim of denial of an opportunity to compete under 5 U.S.C. § 3304(f)(1).  In reaching this decision, the Board relied on the U.S. Court of Appeals for the Federal Circuit's decision in *Kerner v. Department of the Interior*, 778 F.3d 1336 (Fed. Cir. 2015).  In *Kerner*, after reviewing the text and legislative history of the VEOA and its precursor, the Veterans' Preference Act, the Federal Circuit reasoned that nothing in the statutory language, the legislative history, or case law supported a presumption that the "opportunity to compete" provision in 5 U.S.C. § 3304(f) applies in instances in which an applicant is already employed in the Federal civil service.  *Kerner*, 778 F.3d at 1338.  The Federal Circuit reasoned that the intent of the subject provision was to assist veterans in obtaining an initial appointment to the Federal service, not subsequent promotions or other intra-agency movement.  *Id.*  The court concluded that, because veterans currently employed in a competitive service position are already "eligible to apply" to merit promotion vacancies, such applicants could not have been the intended beneficiaries of section 3304(f).  *Id.* at 1338-39.  Here, because it is undisputed that the appellant was already a Federal employee, 5 U.S.C. § 3304(f) was necessarily inapplicable to him regardless of whether the subject vacancy announcement was open to external candidates.  *See Oram*, 2022 MSPB 30, ¶ 17.

¶11     Accordingly, we affirm as modified the denial of the appellant's request for corrective action under VEOA.

# NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                  /s/ for

                                                Jennifer Everling
                                                Acting Clerk of the Board
Washington, D.C.