# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KIMBERLY CARTER,<br>Appellant, | DOCKET NUMBER<br>DA-3443-18-0467-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>Agency. | DATE: May 2, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kimberly Carter, APO, pro se.

Anna Virdell, Esquire, Fort Sam Houston, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed this appeal of her nonselection for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the Board lacks jurisdiction over the appeal under the Veterans Employment Opportunities Act of 1998 (VEOA) and to further address the appellant's employment practices claim, we AFFIRM the initial decision.

## BACKGROUND

The appellant, a GS-14 Lead IT Specialist at Fort Sam Houston, Texas, applied for agency Job Announcement No. NCFR166956791844026, GS-14 Lead IT Specialist, at the same location. Initial Appeal File (IAF), Tab 1 at 1, 7-11. The position was open to all U.S. citizens. *Id*. at 7. The agency listed her on the certificate for the position, but did not select her, and instead used its direct hiring authority (DHA), which it received from the Office of Personnel Management (OPM), to fill the position. *Id*. at 15, 23, 27-28.

The appellant filed an appeal with the Board, asserting that she learned of her nonselection on July 30, 2017. *Id*. at 5. She requested a hearing. *Id*. at 2. In addition to the usual acknowledgment order, the administrative judge issued a timeliness order. IAF, Tabs 2-3. In the timeliness order, she noted that the filing period in this case began on July 30, 2017, and that the appellant's August 1, 2018 filing date appeared to be 337 days late. IAF, Tab 1, Tab 3 at 2. She ordered the appellant to file evidence and argument that she had filed the appeal on time or that good cause existed for the delay. IAF, Tab 3 at 3-4. The

appellant responded that she filed her appeal within 30 days of the date she received her final Freedom of Information Act response from the agency. IAF, Tab 1, Tab 8 at 3, 19.

After considering the parties' responses, the administrative judge issued an initial decision based on the written record, dismissing the appeal for lack of jurisdiction without holding a hearing. IAF, Tab 13, Initial Decision (ID). She made no findings concerning the timeliness of the appeal. ID at 6 n.7. In the initial decision, the administrative judge reviewed the potential bases of jurisdiction that are available to appeal a nonselection, and found that the appellant failed to make a nonfrivolous allegation of jurisdiction over her appeal. ID at 3-9.

First, the administrative judge determined that the appellant had not alleged, and the record did not show, that her nonselection was the result of a suitability action under 5 C.F.R. part 731. ID at 4. She then found that the appellant did not allege that the agency failed to select her in retaliation for making a protected disclosure under 5 U.S.C. § 2302(b)(8) or for engaging in protected activity under 5 U.S.C. § 2302(b)(9). ID at 5. The administrative judge also found that the appellant did not allege that her nonselection was the product of discrimination based on her uniformed service, or a violation of her veterans' preference rights. *Id*. Lastly, the administrative judge rejected the appellant's employment practices claim and dismissed the appeal for lack of jurisdiction. ID at 7-9.

In her petition for review, the appellant argues that the agency improperly used DHA to pass over a preference eligible applicant. Petition for Review (PFR) File, Tab 1 at 5. She argues that, because the agency did not request approval to invoke DHA until after the job announcement closed, it improperly used that authority as justification for passing over a preference eligible without following the pass over regulations, thereby violating her veterans' preference rights. *Id*.

at 5-6. The agency has responded to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant does not challenge the administrative judge's findings that the nonselection at issue did not involve a suitability action under 5 C.F.R. part 731. She also does not challenge the findings that she did not allege that the agency failed select her in retaliation for making a protected disclosure under 5 U.S.C. § 2302(b)(8) or for engaging in protected activity under 5 U.S.C. § 2302(b)(9). Finally, she does not reassert her claim that the agency's evaluation of her education, experience, and application involved an employment practice. We decline to disturb the administrative judge's findings on these issues.

The appellant still fails to establish jurisdiction over her employment practices claim.

The appellant argued below that the use of DHA was a prohibited personnel practice. IAF, Tab 1 at 5. The administrative judge did not make any findings on this claim. However, her failure to do so was not harmful because prohibited personnel practices are not an independent source of Board jurisdiction. *See Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012); *see also Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). On review, the appellant suggests that the agency's use of its DHA was an employment practice. PFR File, Tab 1 at 5. She contends that, because the job announcement did not indicate that the agency would use DHA and the agency did not request approval to use DHA until after the job announcement closed, it improperly used DHA as justification for passing over a preference eligible without following the pass over regulations, violating her veterans' preference rights. *Id.* at 5-6.

The issue of the Board's jurisdiction can be raised at any time, including on review. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016). Therefore, we have addressed the appellant's argument. The Board has jurisdiction over an employment practices appeal when two conditions are met: (1) the appeal must concern an employment practice that OPM is involved in administering; and (2) the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010). Those requirements consist of a job analysis to identify the basic duties and responsibilities, knowledge, skills, and abilities to perform them, and the factors that are important in evaluating candidates; relevance between performance in the position and the employment practice used; and equal employment opportunity with no prohibited forms of discrimination. 5 C.F.R. § 300.103(a)-(c). An agency's misapplication of a valid OPM requirement, like DHA, may constitute an employment practice. *See Sauser*, 113 M.S.P.R. 403, ¶ 7.

Because OPM gave the agency its DHA, it was involved in that employment practice. IAF, Tab 1 at 27; PFR File, Tab 6 at 11-22; *see Sauser*, 113 M.S.P.R. 403, ¶ 7 (explaining that OPM need not be immediately involved in the practice in question). However, it is well established that agencies have discretion to fill vacancies by any authorized method. *See Phillips v. Department of the Navy*, 110 M.S.P.R. 184, ¶ 6 (2008), *overruled on other grounds by Oram v. Department of the Navy*, 2022 MSPB 30. OPM authorized the use of DHA on June 20, 2003. PFR File, Tab 6 at 11-22. Under DHA, the agency may, without regard to the provisions of 5 U.S.C. sections 3309 through 3318, appoint candidates directly to positions for which (1) public notice has been given, and (2) OPM has determined there is a severe shortage of candidates or a critical hiring need. 5 U.S.C. § 3304(a)(3); PFR File, Tab 6 at 11-22. The appellant fails to identify any authority that would indicate that the agency misapplied the

employment practice or otherwise improperly used its DHA. *See Sauser*, 113 M.S.P.R. 403, ¶ 7. Thus, the appellant failed to make a nonfrivolous allegation of jurisdiction over the employment practice, i.e., the agency's use of DHA, which she alleged on review.

The appellant failed to establish jurisdiction under VEOA.

As noted above, the appellant argues on review that the agency's use of DHA violated her veterans' preference rights by evading the procedures necessary for an agency to pass over a preference eligible employee. PFR File, Tab 1 at 5-6. The appellant alleged below that she was entitled to veterans' preference. IAF, Tab 1 at 1. Because the record showed that she may have raised a claim under VEOA, the Office of the Clerk of the Board issued an order affording the appellant an opportunity to establish jurisdiction over her allegation that the agency violated her veterans' preference rights or her right to compete. PFR File, Tab 1 at 5-7, Tab 4; IAF, Tab 1 at 2, 6. The appellant has responded to the order, and the agency has replied to the appellant's response. PFR File, Tabs 5-6.

To establish jurisdiction over a VEOA appeal, as relevant here, an appellant must show that she exhausted her administrative remedy with the Department of Labor (DOL). 5 U.S.C. § 3330a(a)(1); *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010); *Jarrard v. Social Security Administration*, 115 M.S.P.R. 397, ¶ 7 (2010), *aff'd*, 669 F.3d 1320 (Fed. Cir. 2012). In her response to the jurisdictional order, the appellant asserts that she did not file a complaint with DOL. PFR File, Tab 4 at 3. Evidence of the exhaustion requirement is mandatory. 5 U.S.C. § 3330a(d); *Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶ 8 (2012). Thus, the Board lacks jurisdiction over the appellant's VEOA appeal.

**NOTICE OF APPEAL RIGHTS**[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:           _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.