## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TRACY LAVETTE EDWARDS, | DOCKET NUMBER |
| Appellant, | AT-3443-19-0726-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: May 31, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Tracy Lavette Edwards</u>, Columbus, Georgia, pro se.

<u>Kimberly Kaye Ward</u>, Decatur, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her nonselection appeal for lack of Board jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant identified herself below as an Advanced "MSA" at the agency's Veterans Health Administration.[2]  Initial Appeal File (IAF), Tab 1 at 1. She asserted that she is preference eligible.  *Id.*  She filed an appeal with the Board challenging her nonpromotion to a Lead MSA position with the Department of Veterans Affairs (VA).  *Id.* at 5.  She argued that she had more experience and knowledge than all three of the individuals selected for the position.  *Id.*  She further argued that two of the individuals were preselected for the position and were given the interview questions beforehand.  *Id.*  In addition to expressing her superior knowledge and experience, the appellant asserted that, unlike herself, none of the individuals selected were veterans.  *Id*.  Finally, she suggested that family members of other VA employees receive preferential treatment in selection decisions.  *Id.*

The administrative judge informed the appellant in an acknowledgment order that the Board generally lacks jurisdiction over nonselections and nonpromotions.  IAF, Tab 2 at 2.  The administrative judge additionally informed the appellant of six exceptions to this general rule.  *Id.* at 2-5.  As relevant here, she informed the appellant that the Board has jurisdiction over discrimination based on uniformed service and violations of a candidate's veterans' preference rights.  *Id.* at 5.  The agency subsequently argued that the appeal should be dismissed because it was untimely, the appellant already elected her remedy by filing a grievance with the union, and the Board lacks jurisdiction over her nonpromotion.  IAF, Tab 6 at 4-5.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 8, Initial Decision (ID) at 1.  She declined to address the agency's arguments that the appellant untimely filed the appeal and that she had previously elected a different forum.  ID at 1 n.1, 2 n.3.  Rather, the administrative judge found that the appellant failed to allege an exception to the

---

[2] Neither party here explained the MSA acronym.

general rule that nonpromotions are not actions within the Board's jurisdiction. ID at 2.

The appellant filed a petition for review. Petition For Review (PFR) File, Tab 4. In her petition she argues, among other things, that the agency disregarded veterans' preference in making its selections for the position at issue. *Id.* at 6. The agency has responded to the appellant's petition for review. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 6 (2006). Generally, a nonselection is not an action directly appealable to the Board. *Id.*, ¶ 7. However, the Board might have jurisdiction over a nonselection under either the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) or the Veterans Employment Opportunities Act of 1998 (VEOA). 5 U.S.C. § 3330a(a)(1)(A); 38 U.S.C. § 4311(a); *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 11 (2012); *Dale*, 102 M.S.P.R. 646, ¶ 7. As relevant here, if an appellant raises a VEOA claim, she must receive adequate notice regarding her rights and burdens under VEOA before the Board can dismiss the appeal for lack of jurisdiction. *Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 11 (2010).

A VEOA claim should be liberally construed and an allegation, in general terms, that an appellant's veterans' preference rights were violated is sufficient to meet the requirement of a nonfrivolous allegation establishing Board jurisdiction. *Id.* The appellant here claimed that she had more experience and knowledge than the three individuals selected for the position in question. IAF, Tab 1 at 5. She further claimed that, unlike herself, none of the three persons selected for the position were veterans. *Id.* Moreover, on review, the appellant explicitly alleges that the agency violated veterans' preference rights by not selecting her or other veterans who applied for the position. PFR File, Tab 4 at 6; *see Pirkkala v.*

*Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016) (explaining that jurisdiction can be raised at any time, including on review). The appellant's reference to VEOA, claim of veterans' preference, and allegation that the agency disregarded her status as a veteran in making its selections is sufficient to require that this pro se appellant receive notice of how to establish jurisdiction over her VEOA claim. *See Searcy*, 115 M.S.P.R. 260, ¶¶ 12-13 (finding a pro se appellant's reference to VEOA, claim of veterans' preference, and allegation that the agency violated his veterans' preference rights was sufficient to require his receipt of jurisdictional notice). The record shows, however, that the administrative judge did not inform the appellant of the elements and her burden to establish VEOA jurisdiction over her appeal.[3] *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (finding an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

To establish Board jurisdiction over a veterans' preference appeal brought under VEOA,[4] an appellant must (1) show that she exhausted her remedy with the Department of Labor (DOL); and (2) make nonfrivolous allegations that (i) she is a preference eligible within the meaning of VEOA, (ii) the actions at issue took place on or after October 30, 1998, and (iii) the agency violated her rights under a statute or regulation relating to veterans' preference. *Searcy*, 115 M.S.P.R. 260, ¶ 13. The record below is insufficiently developed for us to address these requirements on review. Therefore, on remand, the administrative judge must provide the appellant with appropriate jurisdictional notice regarding her VEOA

---

[3] The acknowledgment order states that an appellant may establish jurisdiction by nonfrivolously alleging that she was not selected in violation "of the candidate's veterans' preference rights." IAF, Tab 2 at 4-5. However, this notice is insufficient because it does not state the elements necessary to establish VEOA jurisdiction over her appeal. *See Searcy*, 115 M.S.P.R. 260, ¶¶ 12-13 (finding jurisdictional notice insufficient when an administrative judge did not inform the appellant of the elements and his burden to establish VEOA jurisdiction over his appeal).

[4] As a current Federal employee, the appellant is not entitled to corrective action for an alleged denial of the right to compete under VEOA. *Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 17.

claim and the opportunity to submit evidence and argument to establish the Board's jurisdiction under VEOA. We observe, without making a finding, that the appellant denied in her initial appeal that she filed a complaint with DOL. IAF, Tab 1 at 4.

Further, this pro se appellant, in referencing that none of the three individuals selected were veterans while she and several other candidates were veterans, may be attempting to raise a USERRA claim rather than a VEOA claim. *See Henson v. U.S. Postal Service*, 110 M.S.P.R. 624, ¶¶ 9-10 (2009) (remanding for further adjudication concerning a potential USERRA claim, even though the appellant never explicitly raised such a claim and only completed sections of the initial appeal form pertaining to VEOA). The assertion that an employer took or failed to take certain actions based on an individual's military status or obligations constitutes a nonfrivolous allegation entitling the appellant to Board consideration of his claim. *Hammond v. Department of Veterans Affairs*, 98 M.S.P.R. 359, ¶ 8 (2005). USERRA does not impose a time limit for filing an appeal with the Board, and an appellant can file a USERRA complaint directly to the Board without filing a complaint with DOL. *Nahoney v. U.S. Postal Service*, 112 M.S.P.R. 93, ¶ 19 (2009); *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 12 (2007). Accordingly, on remand, the administrative judge should also provide the appellant with adequate notice of what is required to establish Board jurisdiction under USERRA.[5] *Id.*

---

[5] The acknowledgment order here states that an appellant may establish jurisdiction by alleging that her nonselection was "the product of discrimination based on uniformed service." IAF, Tab 2 at 4-5. However, as with VEOA, the acknowledgment order does not set forth the elements of proof. To establish Board jurisdiction over a USERRA claim arising under 38 U.S.C. § 4311(a), an appellant must make nonfrivolous allegations that (1) she performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied her initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 11 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320, 1325-26 (Fed. Cir. 2017).

Should the appellant sufficiently establish Board jurisdiction, the administrative judge should also address the issues regarding timeliness and the election of remedies, as appropriate. *See Rivera v. Department of the Air Force*, 110 M.S.P.R. 564, ¶ 12 (2009) (explaining that an appellant may bring a USERRA appeal even if he is otherwise covered by a collective bargaining agreement).

To the extent the appellant is alleging that her nonpromotion was the product of a prohibited personnel practice not in connection with VEOA or USERRA, we observe that prohibited personnel practices under 5 U.S.C. § 2302(b) are not independent sources of Board jurisdiction. *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012). Further, the Board cannot obtain jurisdiction over prohibited personnel practice claims through USERRA or VEOA. *Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 11 (2005).

## ORDER

For the reasons discussed above, we REMAND this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD: 

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.